UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

SAMRAT CONTAINER LINES, INC.,

Plaintiff,

14 Civ. 9585

-against-

OPINION

SAFEWATER LINES INDIA PVT, LTD.,

Defendant.

-----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/15

**Sweet, D.J.**

Defendant Safewater Lines India PVT, LTD. ("Safewater" or "Defendant") has moved to vacate the December 4, 2014 Maritime Attachment and Garnishment ("the Attachment") and to dismiss the verified complaint of Plaintiff Samrat Container Lines, Inc. ("Samrat" or "Plaintiff"). Upon the conclusions set forth below, the Attachment has already expired and the case is stayed.

This is the second of two actions involving the same parties and controversy. The first case, filed by Samrat in the District of New Jersey in October of 2014, was presided over by the Honorable Stanley R. Chesler. See Samrat Container Lines,

Inc. v. Safewater Lines India Pvt. Ltd., No. CIV.A. 14-6110 SRC (D.N.J.) (hereinafter "the New Jersey Action").

Judge Chesler initially denied Safewater's motion to vacate the attachment of the property of the garnishee in that case, International Logistics Association LLC ("ILA"). New Jersey Action, No. CIV.A. 14-6110 SRC, slip op. at 4 (Feb. 18, 2015). Judge Chesler also denied the motion to dismiss the complaint, finding that the court had admiralty jurisdiction over the dispute and that Samrat had met its burden of showing that attachment should not be vacated. See id.

On May 21, 2015, Judge Chesler held that the attachment had expired and was therefore no longer effective, and that dismissal of the case was warranted for lack of in rem jurisdiction over the property subject to the maritime claim. See New Jersey Action, No. CIV.A. 14-6110 SRC, slip op. at 2-3 (May 21, 2015) ("The asserted basis for the exercise of jurisdiction in this case was in rem jurisdiction over property subject to a maritime claim, but Plaintiff has given the Court no basis to believe that any such property is located within this Court's territorial jurisdiction.").

On June 30, 2015, Judge Chesler partially granted Samrat's motion for reconsideration of the May 2015 dismissal, permitting Samrat to amend its complaint to assert a basis for in personam rather than in rem jurisdiction. New Jersey Action, No. CIV.A. 14-6110 SRC, slip op. at 1 (June 30, 2015).

The instant second action was filed with this Court on December 4, 2014, during the pendency of the New Jersey Action. As in the New Jersey Action, Samrat, a New Jersey based ocean shipping and logistics corporation, seeks to recover $1,058,561.89 from Safewater, an Indian non vessel owning common carrier (NVOCC) corporation. See Compl. ¶ 1-2. Samrat contends that this Court has admiralty and maritime law jurisdiction pursuant to 28 U.S.C. § 1333, and that "Safewater cannot be found within this district . . . but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction including . . . in the hands of" the named garnishee, Mediterranean Shipping Company, S.A. ("Mediterranean"). Id. at ¶¶ 5, 16.

The issues raised in this set of briefings are virtually identical to those raised in the New Jersey Actions. In this action, Safewater contends that: (1) the complaint should be dismissed as the dispute between the parties is not a maritime claim; and (2) the Attachment should be vacated as the Defendant can be found in New Jersey, a convenient adjacent jurisdiction. Def.'s Mem. in Supp't 7-16. In the New Jersey Action, Safewater contend that: (1) the complaint should be dismissed as the dispute between the parties is not a maritime claim; and (2) the Attachment should be vacated as the Defendant can be found in New Jersey. Def.'s Mem. in Supp't in New Jersey Action 10-16.

Judge Chesler has considered, and continues to consider these arguments. As the New Jersey Action currently stands, Judge Chesler has already decided both the issues in the instant motion. Moreover, Samrat is apparently altering its position that the New Jersey Court have in personam jurisdiction over Safewater, which may impact the disposition of the instant action. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (noting "the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending"). Consequently, this Court will exercise its

discretionary power to stay these proceedings pending final resolution of the New Jersey Action. See Curtis, 226 F.3d at 138; First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79-80 (2d Cir. 1989); Lexico Enterprises, Inc. v. Cumberland Farms, Inc., 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010); Bezerra v. Cnty. of Nassau, 846 F. Supp. 214, 220 (E.D.N.Y. 1994). The stay will further judicial efficiency and avoid conflicting judicial opinions on virtually identical issues. As was the case in the New Jersey Action, the Attachment in this proceeding was effective for 90 days from its issuance in December, and has consequently expired.

The parties are directed to notify this Court upon the conclusion of the New Jersey Action, at which time the instant motion will be decided.

It is so ordered.

**New York, NY**
**July 18, 2015**

Sweet

**ROBERT W. SWEET**
**U.S.D.J.**